IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMTIH DIVISION

ROBERT W. WILCOX, III                                                                           PLAINTIFF

V.                          CIVIL ACTION NO. 2:15-CV-2138-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                               DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The record reveals that Plaintiff suffers from degenerative disk disease extending from the L2-S1; disc bulging at the L2-3 level causing very small ventral compression on the thecal sac; disc bulging with facet hypertrophy at the L4-5 level; mild bilateral foraminal narrowing at the L4 level; and, some mild lateral recess stenosis at the L4-5 and L5-S1 disc bulges with facet hypertrophy. Although he was not found to be a surgical candidate, Plaintiff did undergo a variety

of treatment modalities, to include narcotic pain medication, epidural steroid injections, facet injections, and nerve blocks, in an effort to treat his chronic pain.

In a previous remand by this Court, the ALJ was directed to reconsider Plaintiff's pain and the effects of said pain on the Plaintiff's ability to stoop, crouch, bend, crawl, balance, and reach. The ALJ was further directed to obtain RFC assessment from the Plaintiff's treating doctors and to reassess Plaintiff's RFC, in light of those assessments. On remand, the ALJ did attempt to obtain RFC assessments from treating cardiologist Dr. Dai-Yuan Wang, neurosurgeon Dr. Brad Thomas, and orthopedist Dr. Eric Gordon. He made no attempt to obtain an RFC assessment from Plaintiff's treating family doctor, Dr. Sarah Woodruff. Drs. Wang and Thomas were unable to complete assessments, as they had not recently treated the Plaintiff. Dr. Gordon; however, did provide an assessment, but made clear that he was not assessing the Plaintiff's ability to stand, sit, or walk because he merely treated the Plaintiff for a torn rotator cuff.

In an effort to develop the orthopedic record, the ALJ ordered a consultative orthopedic exam with Dr. Ted Honghiran. After examining the Plaintiff, Dr. Honghiran provided an RFC assessment. Of particular concern to the undersigned is his conclusion that the Plaintiff could stand and walk for a total of two hours each during an eight-hour workday. The ALJ, however, utilizing Dr. Gordon's assessment of no sitting, standing, or walking limitations and selected portions of Dr. Honghiran's assessment, concluded the Plaintiff could perform light work with manipulative and postural restrictions. And, we note that light work requires the individual to be capable of standing and walking for a total of six hours during an eight-hour workday.

Accordingly, the Court finds that remand is once again necessary to allow the ALJ to reconsider the Plaintiff's ability to stand and walk for the six hours required by light work. On

remand, the ALJ is directed to obtain an RFC assessment from Dr. Sarah Woodruff. Should Dr. Woodruff be unwilling or otherwise unable to complete an RFC assessment, then the ALJ is directed to reconsider Plaintiff's RFC in light of Dr. Honghiran's complete RFC assessment and Dr. Gordon's notation that he was making no assessment of Plaintiff's ability to sit, stand, or walk.

IT IS SO ORDERED AND ADJUDGED on this the 15th day of July, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE