IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT WILBERT WILCOX, III                                              PLAINTIFF

v.                                  Civil No. 2:15-cv-02138-MEF

NANCY A. BERRYHILL, Commissioner
Social Security Administration,                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 21). The parties have consented to the jurisdiction of a Magistrate Judge to conduct any and all proceedings in this case, and pursuant to said authority, the Court issues this Order. (ECF No. 5).

This case has a lengthy procedural history. On April 22, 2013, Plaintiff, Robert Wilcox, III, appealed from the denial of his application for social security disability benefits by the Commissioner of the Social Security Administration. (2:13-cv-02111-JRM, ECF No. 1). The matter was remanded for further consideration, pursuant to sentence four, 42 U.S.C. § 405(g) on June 10, 2014. (2:13-cv-02111-JRM, ECF No. 14). On September 17, 2014, Plaintiff was awarded $6,032.07 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter the "EAJA"). (2:13-cv-02111-JRM, ECF No. 18).

Following an unfavorable decision on remand, Plaintiff filed a second appeal to this Court. (2:15-cv-02138-MEF, ECF No. 1). On July 15, 2016, the matter was again remanded for further consideration, and on March 17, 2017, Plaintiff was awarded $6,155.17 in attorney fees pursuant to the EAJA. (2:15-cv-02138-MEF, ECF Nos. 14, 20).

On or about December 17, 2017, the Commissioner found the Plaintiff disabled and awarded benefits. (ECF No. 22-1). Plaintiff now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 21, 22).

## II.      Discussion:

Attorneys representing successful Social Security claimants may seek fees under both the EAJA and § 406(b). Under § 406(b), "the court may determine and allow as part of its judgment a reasonable fee ... not in excess of 25 percent of the ... past-due benefits to which the claimant is entitled by reason of such judgment." Fees paid pursuant to § 406(b) are paid from the claimant's past-due benefits.

Under the EAJA, a Social Security claimant may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are paid with agency funds and are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. *See* 28 U.S.C. § 2412(d)(1)(B). Fee awards may be made under both § 406(b) and the EAJA, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* at 796–97.

In reviewing Plaintiff's counsel's request for fees under § 406(b), the Court must first look to the contingent fee agreement to determine whether it is within the twenty-five percent boundary set by the statute. Plaintiff's counsel has submitted a contingent-fee agreement signed by Plaintiff

on October 5, 2010, providing that, if successful, Plaintiff's counsel shall be paid 25% of all past-due benefits from both Title II (DIB) and Title XVI (SSI) paid to the Plaintiff and any dependents eligible to receive benefits on his record. (ECF No. 21-5). Thus, the fee agreement does not exceed the statutory ceiling.

The Court must next conduct an "independent check" to ensure that the fee sought is reasonable in light of the services rendered. *See Gisbrecht,* 535 U.S. at 807. When considering a fee award, the Court must balance two important policy concerns. On the one hand, attorneys face a risk of nonpayment if their clients are not awarded Social Security benefits and fee awards should be substantial enough to encourage attorneys to accept that risk. *See Wyles v. Astrue,* 2009 WL 4730686, *3 (E.D. Ar. Dec. 3, 2009). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award, from which, § 406(b) fees are deducted. *Id.*

In *Gisbrecht,* 535 U.S. at 808, the Supreme Court provided examples of factors to consider in determining whether a requested fee is reasonable:

> (1) The Court may consider the character of the representation and the results achieved. *Id.*
> (2) A reduction may be appropriate if the attorney was responsible for delaying the progress of the case, as the attorney should not profit from the accumulation of benefits during the delay. *Id.*
> (3) If the benefits are large in comparison to the amount of time Plaintiff's attorney spent on the case, a reduction may be warranted to prevent a windfall to the attorney. In this regard, while the Supreme Court in *Gisbrecht* disapproved of courts relying exclusively on the lodestar method in determining a reasonable fee award under § 406(b), it expressly stated that a court "may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* Thus, as the Fifth Circuit Court of Appeals has interpreted *Gisbrecht:*

> [D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.... [T]he district court must also articulate the factors that demonstrate to the court that the fee is unearned.

3

> Specifically, the district court must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney. *Jeter v. Astrue,* 622 F.3d 371, 381 (5th Cir. 2010).

Plaintiff's attorney has the ultimate burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807.

Plaintiff was awarded $130,593.60 in backpay, as well as $34,134.00 in backpay to his dependent son. (ECF No. 22-1). On May 1, 2015, after counsel was awarded $5,909.00 ($6,000.00 less a user fee) for representation at the administrative level, the balance of the 25% of past-due benefits withheld by the Commissioner for attorney fees was $26,648.50. (ECF No. 21-1). Plaintiff's attorney now seeks a fee award of $26,648.50 for 65.65 hours (32.80+32.85)[1] of attorney work performed before this court at a rate of $220.28 per hour ($26,648.50-12,187.24)/65.65). As previously noted, Plaintiff contracted to pay his attorney twenty-five percent of any past due benefits owing to him. And, the case resulted in two remands by this Court with an ultimate award of benefits. Accordingly, the Court finds the amount of the fee requested to be reasonable. And, the Court can find no evidence to suggest that Plaintiff's attorney engaged in any dilatory tactics to impede the progress of Plaintiff's case.

The Court also acknowledges that Plaintiff's attorney has a history of representing social security claimants and has a good reputation in the legal community. In addition, the benefits to Plaintiff are substantial not in just past due benefits, but also benefits he will continue to receive in the future. Balancing the court's duty to protect the claimant's disability award against a fee that is substantial enough to encourage attorneys to accept Social Security cases, and considering

---

[1] This is the total number of attorney hours awarded by this Court for EAJA purposes. This does not represent the total number of hours counsel has requested, as some were found not to be compensable under EAJA.

the factors listed above, the court finds that a fee of $26,648.50, is a reasonable fee award for Plaintiff's attorney's representation at the judicial stage.

**IV.     Conclusion:**

Accordingly, Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b), is GRANTED in the amount of **$26,648.50**.  Plaintiff's attorney is hereby directed to remit to Plaintiff the smaller fee awarded to her pursuant to the EAJA in the amount of $12,187.24.

IT IS SO ORDERED this 17th day of August, 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE